## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

WIRELESSWERX IP LLC,

      Plaintiff,

v.

VERIZON COMMUNICATIONS INC.,

      Defendant.

Case No.: 7:25-cv-00198-ADA

JURY TRIAL DEMANDED

## <u>VERIZON'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................... 1

II.    FACTS ........................................................................................................... 2

III.    ARGUMENT ................................................................................................. 5

    A.    Legal Standard .................................................................................. 5

    B.    The FAC Fails To State A Plausible Claim For Direct
        Infringement ...................................................................................... 5

        1.    No transponder loading coordinates to its memory ................ 7

        2.    No transponder defining a geographical zone by
            creating an enclosed area on a pixilated image
            using the coordinates ............................................................. 9

        3.    No transponder determining the occurrence of an
            event in relation to the geographical zone ........................... 10

    C.    The FAC Fails To State A Plausible Claim For Indirect
        Infringement .................................................................................... 12

        1.    No direct infringement by others .......................................... 13

        2.    No specific intent to encourage infringement ....................... 13

        3.    Substantial non-infringing uses ............................................ 14

    D.    The FAC Should Be Dismissed With Prejudice ............................... 16

IV.    CONCLUSION ............................................................................................. 17

# TABLE OF AUTHORITIES

<strong>Page(s)</strong>

**Cases**

*Adnexus Inc. v. Meta Platforms, Inc.*,
  No. 6:23-CV-152-JKP, 2024 WL 409738 (W.D. Tex. Feb. 2, 2024) ............................ *passim*

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
  No. 6:13-cv-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ........................................13

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. 6:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................................14

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  365 U.S. 336 (1961).................................................................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................................5, 14

*Avocent Huntsville, LLC v. ZPE Sys.*,
  No. 3:17-cv-04319-WHO, 2018 WL 1411100 (N.D. Cal. Mar. 21, 2018) ...........................16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................5, 14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)..................................................................................14, 15, 16

*Billjco, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022)...................................................................................15

*Bot M8 LLC v. Sony Corporation of America*,
  4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................6, 12

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ....................................................................................................8

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
  No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ..............................17

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015)...........................14

*Heinze v. Tesco Corp.*,
  971 F.3d 475 (5th Cir. 2020) ....................................................................................................5

*Hypermedia Navigation LLC v. Google LLC*,
  No. 18-cv-01637-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ...................................14

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ......................14

*Iron Oak Techs., LLC v. Dell, Inc.*,
  No. 1:17-cv-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018)......................................15

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
  572 U.S. 915 (2014)..........................................................................................................6, 13

*Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ..................................................................................................8

*LS Cloud Storage Techs., LLC v. Amazon.Com, Inc.*,
  No. 1:22-CV-1167-RP, 2023 WL 229029 (W.D. Tex. Feb. 27, 2023) ................................7, 9

*Mullen Indus. LLC v. Meta Platforms, Inc.*,
  No. 1:24-cv-354-DAE, 2025 WL 326402 (W.D. Tex. Jan. 29, 2025) .................................7, 9

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)..............................................................................................13

*NobelBiz, Inc. v. InsideSales.com, Inc.*,
  No. 6:13-cv-360-MHS, Dkt. 32 (E.D. Tex. Oct. 12, 2014) ....................................................16

*Textile Comput. Sys. v. Broadway Nat'l Bank*,
  620 F. Supp. 3d 557 (W.D. Tex. 2022)...................................................................................15

*VDPP, LLC v. GM Co.*,
  No. 1:23-CV-00956-RP, 2024 WL 4958307 (W.D. Tex. Jul. 21, 2024)..............................7, 9

*Vervain, LLC v. Micron Tech., Inc.*,
  No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .....................................6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)..............................................................................................15

*White v. U.S. Corr., LLC*,
  996 F.3d 302 (5th Cir. 2021) ...................................................................................................5

*WirelessWerx IP, LLC v. Apple Inc.*,
  No. 6:22-cv-01050-DC, Dkt. 12 (W.D. Tex. Dec. 14, 2022) ...................................................4

*WirelessWerx IP, LLC v. OnStar, LLC*,
  No. 2:23-cv-11501-MAG-APP, Dkts. 31 & 35 (E.D. Mich. Sep. 17, 2024)..................4, 8, 16

*WirelessWerx IP, LLC v. Samsung Electronics America, Inc.*,
    No. 7:25-cv-00007-DC-DTG, Dkt. 12 (W.D. Tex. Jul. 24, 2025) ...........................................4

*WirelessWerx IP, LLC v. Tesla, Inc.*,
    No. 7:25-cv-00093-DC-DTG, Dkt. 13 (W.D. Tex. May 13, 2025)...........................................4

**Statutes**

35 U.S.C. § 101 ...........................................................................................................................4

35 U.S.C. § 271(a) ......................................................................................................................6

35 U.S.C. § 271(b) .................................................................................................................12, 13

35 U.S.C. § 271(c) .................................................................................................................12, 14

## I.     INTRODUCTION

The Court should dismiss WirelessWerx IP LLC's ("WirelessWerx") First Amended Complaint (Dkt. 11) ("FAC") because it fails to state a plausible claim for direct infringement or indirect infringement of the asserted patent. WirelessWerx's patent claims a method where all steps are performed on a transponder. The patent has no relevance to Verizon Communications Inc.'s ("Verizon") Care Smart app for Apple Watch (the alleged "transponder"), which does not perform any of the method steps and instead sends its location information to other devices for processing. WirelessWerx cannot stretch its patent to cover technology it never disclosed or claimed.

WirelessWerx's direct infringement claim fails because the FAC does not plausibly allege facts showing that Apple Watch with Care Smart performs the patented method. Specifically, there are no alleged facts from which one could infer that Apple Watch with Care Smart is a transponder that (1) loads coordinates to its memory, (2) defines a geographical zone by creating an enclosed area on a pixilated image using those coordinates, and (3) determines the occurrence of an event in relation to the geographical zone. For at least these reasons, the FAC fails to state a plausible claim for direct infringement.

As indirect infringement requires direct infringement, WirelessWerx's indirect infringement claims fail for these same reasons. Additionally, the induced infringement claim fails because there are no alleged facts showing Verizon acted with a specific intent to encourage another's infringement. The contributory infringement claim also fails because documents cited in the FAC confirm there are substantial non-infringing uses. Thus, the FAC should be dismissed in its entirety.

The Court should dismiss the FAC with prejudice because WirelessWerx made some of these same pleading errors in its original Complaint, and in a prior case where its FAC was dismissed with prejudice. WirelessWerx already had multiple opportunities to fix the flaws in its infringement theory and was unable to do so. Further amendment would be futile.

## II.    FACTS

The FAC purports to state a claim for infringement of U.S. Patent No. 7,323,982 ("'982 patent"). The '982 patent is titled "Method and System to Control Movable Entities," and the patent claims a method and system wherein an *entity having an attached transponder* is programmed to define a *geographical zone* on a *pixilated image* and to perform a *configurable operation* when an *event* occurs in relation to the geographical zone. *See* '982 patent (Dkt. 1-1) at 1:57-2:48 & claim 1.

The *entity having an attached transponder* can be "a vehicle, a vessel, a craft, a boat, a helicopter, or a plane." '982 patent, 2:4-5 & claim 7. Figure 1B of the '982 patent depicts an example of a car with an attached transponder (105):



The transponder is programmed to define a *geographical zone* by creating an enclosed area on a *pixilated image* using a plurality of coordinates. *See* '982 patent, 2:63-67 & claim 1. This can be done by "assigning each coordinate to a pixel" and "connecting a plurality of assigned pixels by lines, wherein a series of contiguous and connected lines enclose an area in the pixilated image." '982 patent, 2:9-17 & claims 5-6. Figure 5B of the '982 patent illustrates a pixel map of a geographical zone (560):



The *event* can be: "leaving a geographical zone, entering a geographical zone, turning on an ignition to the entity, turning off the ignition to the entity, change of speed of the entity, change of temperature of an engine of the entity, change of internal temperature of the entity, change of fuel level in a fuel tank of the entity, locking of a door or latch of the entity . . . ." '982 patent, 2:18-39 & claim 8.

The *configurable operation* can be: "decreasing speed of the entity, regulating the engine temperature level, regulating the internal temperature level, . . . closing of a window of the entity, turning on a light indicator, change tire air pressure, turning on an alarm, or turning off an alarm." '982 patent, 2:40-48 & claim 9.

These key aspects of the patented invention are recited in representative claim 1 of the '982 patent, which is asserted in this case:

1. A method to wirelessly control an *entity having an attached transponder*, comprising:

loading from a computing device to a transponder's memory a plurality of coordinates;

programming a microprocessor of the transponder to define a *geographical zone* by creating an enclosed area on a *pixilated image* using said plurality of coordinates, wherein said enclosed area is representative of a geographical zone;

programming the microprocessor in the transponder to determine the occurrence of an *event* associated with a status of the entity in relation to the geographical zone; and

configuring the microprocessor to execute a *configurable operation* if the event occurs.

'982 patent, claim 1 (emphasis added).

WirelessWerx has asserted the '982 patent and related patents in more than 50 cases. Ex. A.[1] Many of WirelessWerx's cases have targeted companies that sell vehicles, such as Tesla, or technology used in vehicles, such as OnStar. *Id.* Other WirelessWerx cases have targeted companies that sell mobile devices with location apps, such as Apple, Samsung, and Google. *Id.* All of WirelessWerx's cases have resolved early on – some by settlement,[2] some by voluntary dismissal,[3] and some by motion to dismiss.[4] No WirelessWerx case has reached claim construction.

In its original Complaint in this case, WirelessWerx alleged that Verizon infringes the '982 patent by making, using, selling, offering for sale, and/or importing the Verizon Care Smart Watch. *See* Dkt. 1, ¶¶ 7, 19; Dkt. 1-2 at 5-9 & 14 ("transponder = 'Care Smart watch'"). That infringement claim was frivolous, however, because any adequate pre-filing investigation would confirm the Care Smart Watch does not display a map or geographical zone, pixilated or otherwise, and cannot satisfy the claim limitation "*programming a microprocessor of the transponder to define a geographical zone by creating an enclosed area on a pixilated image.*" Verizon's counsel identified this pleading deficiency in a letter to WirelessWerx's counsel dated June 27, 2025. Ex. G.

On July 14, 2025, WirelessWerx filed its First Amended Complaint (Dkt. 11). In the FAC, WirelessWerx abandons its infringement theory based on the Care Smart Watch and presents a new

---

[1] Exhibits A through M are attached to the July 28, 2025, Declaration of Geoffrey M. Godfrey in support of Verizon's Motion To Dismiss The First Amended Complaint.

[2] *See, e.g.*, Ex. B (Dkt. 12 in *WirelessWerx IP, LLC v. Apple Inc.*, 6:22-cv-01050-DC (W.D. Tex.)).

[3] *See, e.g.*, Ex. C (Dkt. 12 in *WirelessWerx IP, LLC v. Samsung Electronics America, Inc.*, 7:25-cv-00007-DC-DTG (W.D. Tex.)).

[4] *See, e.g.*, Exs. D & E (Dkts. 31 & 35 in *WirelessWerx IP, LLC v. OnStar, LLC*, 2:23-cv-11501 (E.D. Mich.)). In the Tesla case, there is a fully briefed motion to dismiss the '982 patent claims for patent ineligible subject matter under 35 U.S.C. § 101, which if granted would obviate WirelessWerx's claims against Verizon. *See* Ex. F (Dkt. 13 in *WirelessWerx IP, LLC v. Tesla, Inc.*, 7:25-cv-00093-DC-DTG (W.D. Tex.)).

infringement theory based on the Apple Watch running the Care Smart app. *See* Dkt. 11-2 (infringement claim chart). However, this new infringement theory is also frivolous and flawed in multiple respects, as discussed below.

On July 22, 2025, Verizon's counsel emailed WirelessWerx's counsel and identified several allegations in the FAC that are factually incorrect and not supported by the documents cited therein. Ex. H. Verizon requested that WirelessWerx dismiss the FAC so that Verizon could avoid the expense of a motion to dismiss. *Id.* WirelessWerx did not agree to dismiss.

## III.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim for which relief can be granted." When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the [operative pleading] in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted).

To survive a motion to dismiss, a claim must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the well-pleaded facts create a reasonable inference that the movant is liable for the misconduct alleged. *Id.* Determining plausibility is a "context-specific task" that courts perform using their "judicial experience and common sense." *Id.* at 679. The facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B.    The FAC Fails To State A Plausible Claim For Direct Infringement

In general, direct infringement arises when, without authorization, one "makes, uses, offers

to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). A patent claim to a method "is not infringed unless all the steps are carried out." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). Here, WirelessWerx fails to state a claim for direct infringement because the FAC does not plausibly allege that an Apple Watch running the Verizon Care Smart app satisfies all steps of the patented method.

WirelessWerx attempts to plead direct infringement with the following boilerplate allegations copied word-for-word from its complaint in a prior case:

> 18. Defendant maintains, operates, and administers a system with methods and user interface for controlling an entity having an attached transponder that infringes one or more of claims of the '982 patent, including one or more of claims 1-61, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '982 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

> 19. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

Dkt. 11, ¶¶18-19; *compare* Ex. I (Audi Complaint), ¶¶18-19. These conclusory allegations are legally insufficient to state a claim for direct infringement, even when considered together with the claim chart attached to the FAC (Dkt. 11-2), which addresses independent claim 1 and dependent claims 2-4 and 14 of the '982 patent.

A direct infringement claim is not sufficiently pleaded merely because the plaintiff provides a claim chart or element-by-element mapping. Rather, "[t]he Court must consider whether the factual allegations therein, 'when taken as true, articulate why it is plausible that the accused product infringes the patent claim.'" *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *7 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th

1342, 1353 (Fed. Cir. 2021)).

Here, WirelessWerx does not allege any facts from which one could plausibly infer that an Apple Watch running the Verizon Care Smart app is a transponder that (1) loads coordinates to its memory, (2) defines a geographical zone by creating an enclosed area on a pixilated image using those coordinates, and (3) determines the occurrence of an event in relation to the geographical zone. Because the FAC does not match any of these key claim limitations to functionality of the Apple Watch with Care Smart, WirelessWerx's direct infringement claim is not plausible and must be dismissed. *See Mullen Indus. LLC v. Meta Platforms, Inc.*, No. 1:24-cv-354-DAE, 2025 WL 326402, at *4-5 (W.D. Tex. Jan. 29, 2025) (dismissing direct infringement claim that failed to allege where and how the accused products were using the claimed "artificial intelligence"); *VDPP, LLC v. GM Co.*, No. 1:23-CV-00956-RP, 2024 WL 4958307, at *2-4 (W.D. Tex. Jul. 21, 2024) (dismissing direct infringement claim where claim chart made conclusory allegations and failed to show how the accused product satisfied every claim limitation); *Adnexus Inc. v. Meta Platforms, Inc.*, No. 6:23-CV-152-JKP, 2024 WL 409738, at *4-6  (W.D. Tex. Feb. 2, 2024) (dismissing direct infringement claim that lacked sufficient factual allegations to support the "delivery-method-preferences" claim limitation); *LS Cloud Storage Techs., LLC v. Amazon.Com, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 229029, at *3-4 (W.D. Tex. Feb. 27, 2023) (dismissing direct infringement claim that failed to identify devices or software within the accused product for every claim limitation).

### 1. No transponder loading coordinates to its memory

Claim 1 of the '982 patent requires "loading from a computing device to a transponder's memory a plurality of coordinates." Dkt. 1-1 at 27:32-33. The FAC alleges that Apple Watch (with Verizon's Care Smart app installed) is a "transponder," and that location data from Verizon's secure servers constitutes "a plurality of coordinates." Dkt. 11-2 at 5-6. However, the FAC fails to allege facts showing that location data from Verizon's servers is loaded to Apple Watch's memory.

The FAC cites excerpts from three Verizon webpages describing the Care Smart app on Apple Watch. Exs. J-L.[5] But these documents all describe location data being sent *from* the Apple Watch to other devices; they do not state or suggest location data is sent *to* the Apple Watch, much less loaded to the Apple Watch's memory and used as claim 1 requires. The first document describes how Apple Watch with Care Smart sends location data to Verizon's secure servers so that it may be shared with other contacts. *See* Ex. J at 2-3 ("[Y]ou must allow the Care Smart app to share the watch's location with your Trust Circle contacts . . . . A wearer who does not wish to share location anymore should make sure they delete or their primary caregiver deletes their device from the Care Smart app."). The second document describes how location data sent from Apple Watch to Verizon's servers can be used for the "Get Help – Professional Monitoring" service. *See* Ex. K at 3. The third document describes how a third-party, such as a caregiver, can receive a "location alert" when the Apple Watch moves into or out of a specific area. *See* Ex. L at 1-2. Because these documents describe the Apple Watch *sending*—not *receiving*—location data, they do not support any plausible allegation that Apple Watch (the alleged "transponder") satisfies this claim limitation by loading to its memory geo-location coordinates received from Verizon's servers.

WirelessWerx made this same pleading error in *WirelessWerx IP, LLC v. OnStar, LLC*, 2:23-cv-11501 (E.D. Mich.). There, the court dismissed WirelessWerx's FAC with prejudice, noting with respect to this claim limitation: "the alleged plurality of coordinates are going the wrong way"—*i.e.*, from a transponder to a computing device, not, as the claim language requires, "from a computing device to a transponder's memory." *See* Ex. E at 8, 16-17.

The FAC also includes conclusory attorney statements for this claim limitation:

---

[5] "[W]hen a pleading refers to documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss." *Adnexus*, 2024 WL 409738, at *2 (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

> *For example, "smartwatch" retrieves several pieces of location data from secure servers and stores them on the smartwatch. This allows the smartwatch to display up-to-date geo-location information.*

Dkt. 11-2 at 5. However, these conclusory attorney statements are insufficient to state a claim because they are not supported by alleged facts that show Apple Watch with Care Smart works in this manner. *See Mullen*, 2025 WL 326402, at *4-5; *VDPP*, 2024 WL 4958307, at *2-3; *Adnexus*, 2024 WL 409738, at *4-6; *LS Cloud Storage*, 2023 WL 229029, at *3-4. WirelessWerx's assertion that Apple Watch running Care Smart can "display up-to-date geo-location information" is baseless and wrong. Any reasonable prefiling investigation would reveal that no geo-location information is displayed anywhere in the Care Smart app on Apple Watch.

### 2. No transponder defining a geographical zone by creating an enclosed area on a pixilated image using the coordinates

Claim 1 of the '982 patent also requires "programming a microprocessor of the transponder to define a geographical zone by creating an enclosed area on a pixilated image using said plurality of coordinates." Dkt. 1-1 at 27:34-36. However, the FAC does not allege facts showing that Apple Watch with Care Smart (the alleged "transponder") defines a geographical zone by creating an enclosed area on a pixilated image.

WirelessWerx does not provide any image of the Care Smart app on Apple Watch that shows "a geographical zone" defined by creating "an enclosed area on a pixilated image." Notably, the "pixilated image" identified by WirelessWerx in the FAC is *not* an image of the Care Smart app on Apple Watch:



Dkt. 11-2 at 8.

Rather, this image is from an Apple webpage discussing the "Walking Radius" feature in Apple's Maps app, which is a different app that is not accused in this case and has nothing to do with Verizon's Care Smart app:

## Use Walking Radius to explore your surroundings



The Maps app includes a Walking Radius feature that shows you points of interest around you.

1. Go to the Maps app 🗺️ on your Apple Watch.

   The map displays a circle, which encompasses the area you can walk within a few minutes.

https://support.apple.com/en-ca/guide/watch/apd84d3c42db/watchos (cited in Dkt. 11-2 at 8-9). Similarly, the "geofence" functionality that WirelessWerx contends is a "geographical zone" is part of the Care Smart smartphone app, not the Care Smart app on Apple Watch (the alleged "transponder"). *See* Dkt. 11-2 at 7-8.

These pleading deficiencies are egregious because the Apple Watch and Care Smart app are readily accessible consumer products. Any diligent inspection of these products would reveal there are no map-like images, pixilated or otherwise, displayed anywhere in the Care Smart app on Apple Watch. Nor does the Care Smart app on Apple Watch have any functionality for a user to create or display a geofence or any other geographical zone.

      **3.**      **No transponder determining the occurrence of an event in relation to the geographical zone**

Claim 1 of the '982 patent further requires "programming the microprocessor in the

transponder to determine the occurrence of an event associated with a status of the entity in relation to the geographical zone." Dkt. 1-1 at 27:34-36. Here again, the FAC fails to allege facts showing that Apple Watch with Care Smart (the alleged "transponder") satisfies this claim limitation.

WirelessWerx asserts this limitation is satisfied because:

> *For example, "smartwatch" configures the microprocessor to detect an event whenever the smartwatch enters or exits a predefined area—a geofence defined by location data. This movement, which reflects a change in the user's status, then triggers specific actions or notifications.*

Dkt. 11-2 at 9. But these conclusory statements are not supported by alleged facts that show Apple Watch with Care Smart works in this manner.

None of the documents cited in the FAC describes an <u>Apple Watch</u> (the alleged "transponder") determining when the Apple Watch moves into or out of a specific area (the alleged "event"). The geofence functionality that WirelessWerx contends is a "geographical zone" is not part of the Care Smart app on Apple Watch. *See* Dkt. 11-2 at 10-11. Rather, this functionality is only available in the Care Smart <u>smartphone</u> app that a caregiver can install on a different device to track the location of the Apple Watch. This is clear from the documents cited in the FAC, and is something WirelessWerx could easily confirm by inspecting the accused products:



**Location sharing. So your family won't wonder where you are.**

Using the Care Smart app on their phones, all your personal Trust Circle contacts can keep up on your watch's location. They can set up a number of location alerts that can be set for time of day or when your watch moves in or out of a particular location.

https://www.verizon.com/solutions-and-services/add-ons/safety/verizon-care-smart/ (cited in Dkt. 11-2 at 10) (emphasis added).

Claim 1 of the '982 patent requires the *transponder* define the geographical zone and determine the occurrence of an event in relation to the geographical zone. Claim 1 does not cover methods where the transponder sends its location to another device, such as a server or a smartphone, and that other device determines the occurrence of an event in relation to the geographical zone.

A "plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. WirelessWerx's failure to allege facts showing that Apple Watch with Care Smart "determine[s] the occurrence of an event associated with a status of the entity in relation to the geographical zone" provides yet another basis to dismiss the FAC.

The Court should dismiss WirelessWerx's direct infringement claim for all these reasons.

## C. The FAC Fails To State A Plausible Claim For Indirect Infringement

The FAC also fails to sufficiently plead indirect infringement of the '982 patent under 35 U.S.C. §§ 271(b) and (c). WirelessWerx attempts to plead indirect infringement with the following boilerplate copied word-for-word from its complaint in a prior case:

> 20. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to control an entity having an attached transponder) such as to cause infringement of one or more of claims 1-61 of the '982 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '982 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

> 21. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to control an entity having an attached transponder at https://www.verizon.com/support/knowledge-base-230685 and related systems through its website and product instruction manuals) such as to cause infringement of one or more of claims 1-61 of the '982 patent, literally or under the doctrine of

equivalents. Moreover, Defendant has known of the '982 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint. The only reasonable use for the infringing products and services is an infringing use, and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's websites, such as https://www.verizon.com. Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

Dkt. 11, ¶¶20-21; *compare* Ex. I (Audi Complaint), ¶¶20-21. No specific facts are alleged to support these conclusory allegations. WirelessWerx's indirect infringement claims fail for at least three reasons and should be dismissed.[6]

### 1.    No direct infringement by others

First, indirect infringement requires direct infringement by others. As summarized by this Court in a recent decision:

> "It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (citation and internal quotation marks omitted). Supreme Court precedent "leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'" *Limelight Networks*, 572 U.S. at 921 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341, 81 S. Ct. 599, 5 L. Ed. 2d 592, 1961 Dec. Comm'r Pat. 635 (1961)). In short, when "there has been no direct infringement, there can be no inducement of infringement under [35 U.S.C.] § 271(b)." *Id.* at 922.

*Adnexus*, 2024 WL 409738, at *6. Because WirelessWerx did not plausibly allege direct infringement, the FAC necessarily fails to state a claim for indirect infringement as well.

### 2.    No specific intent to encourage infringement

Second, induced infringement requires "facts plausibly showing that [the defendant] *specifically intended* their customers to infringe the [asserted] patent and *knew* that the customer's acts constituted infringement." *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 6:13-cv-362, 2014

---

[6] WirelessWerx agreed to dismiss its indirect infringement claims *without prejudice* pursuant to OGP § VII. However, those claims should be dismissed *with prejudice* for the reasons herein.

WL 12551207, at *3 (W.D. Tex. Apr. 30, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" as to the intent of the alleged infringer. *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 6:13-CV-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014). Here, WirelessWerx does not allege any facts that support a finding of specific intent. For example, there are no alleged facts showing that Verizon's website or product documentation directs customers to use the accused product in an infringing manner. To the contrary, WirelessWerx relies on boilerplate for the specific intent element—boilerplate copied verbatim from a prior complaint. *Compare* Dkt. 11, ¶¶20-21 *with* Ex. I (Audi Complaint), ¶¶20-21.

WirelessWerx's induced infringement claim is nothing more than conclusory and generic allegations and should be dismissed. *See Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *4–6 (W.D. Tex. Nov. 28, 2017) (finding plaintiff's "[c]onclusory allegations" of induced infringement "do not meet the pleading standards established in *Twombly* and *Iqbal*"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent . . . ."); *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-01637-HSG, 2019 WL 1455336, at *2-3 (N.D. Cal. Apr. 2, 2019) ("[W]here a plaintiff merely makes passing references to user manuals guides, and support articles, without ever saying what those materials contain, that is wholly inadequate for an inference of specific intent.") (internal quotations omitted).

### 3.    Substantial non-infringing uses

To state a claim for contributory infringement under § 271(c), "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

681 F.3d 1323, 1337 (Fed. Cir. 2012). In this context, "a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)). The FAC fails to satisfy this pleading requirement for contributory infringement in two ways.

First, the contributory infringement allegations in the FAC are conclusory boilerplate statements that fail to show how the accused products have no substantial non-infringing use or are specially made or adapted for infringing use. *See* Dkt. 11, ¶21 (quoted *supra* at 12-13). This Court has repeatedly held that such conclusory statements are insufficient to state a plausible claim of contributory infringement. *See, e.g.*, *Textile Comput. Sys. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 566 (W.D. Tex. 2022) ("The Complaint fails to show how the accused products have no substantial non-infringing use or are specially made or adapted for infringing use outside of a threadbare statement that the cards authorize transactions that infringe."); *Billjco, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 782 (W.D. Tex. 2022) ("BillJCo alleges that iPhones and iPads have no substantial noninfringing uses. BillJCo offers nothing to support this contention. The Court, therefore, disregards BillJCo's allegation regarding substantial noninfringing uses as conclusory."); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) ("Iron Oak's conclusory allegation that '[t]he components provided by [Dell] are not staple articles of commerce suitable for substantial non-fringing use,' (*id.*), is no more than a 'threadbare recital' of one of the elements of a contributory infringement claim.").

Second, the FAC cites documents that show the Verizon Care Smart app on Apple Watch *does* have substantial non-infringing uses. For example, one Verizon document cited in the FAC highlights the "Get Help" features of the Care Smart app, including professional monitoring and fall detection response. *See* Ex. K. Another Verizon document cited in the FAC discusses "Time-based (scheduled) alerts" for the Care Smart app on Apple Watch. *See* Ex. L. These features are not accused

of infringement, and they easily satisfy the definition of a "substantial" non-infringing use described above. Thus, WirelessWerx's contributory infringement claim must be dismissed. *See In re Bill of Lading*, 681 F.3d at 1337-39 (affirming dismissal of contributory infringement claims where complaint alleged facts demonstrating the existence of a substantial non-infringing use); *Avocent Huntsville, LLC v. ZPE Sys.*, No. 3:17-cv-04319-WHO, 2018 WL 1411100, at *21-22 (N.D. Cal. Mar. 21, 2018) (same); *NobelBiz, Inc. v. InsideSales.com, Inc.*, No. 6:13-cv-360-MHS, Dkt. 32, at 4-5 (E.D. Tex. Oct. 12, 2014) (Ex. M) (same).

### D.    The FAC Should Be Dismissed With Prejudice

The Court should dismiss the FAC with prejudice because further amendment would be futile. After reviewing the original Complaint, Verizon sent a detailed letter to WirelessWerx identifying a fundamental flaw in its infringement theory, namely, the failure to plausibly allege facts showing that the accused smartwatch (the alleged "transponder") "define[s] a geographical zone by creating an enclosed area on a pixilated image." Ex. G at 1-2. In the FAC, WirelessWerx changed accused products from the Verizon Care Smart Watch to the Apple Watch running the Care Smart app, but it could not fix the flaws in its infringement theory. In the FAC, WirelessWerx again fails to plausibly allege facts showing that the accused smartwatch "define[s] a geographical zone by creating an enclosed area on a pixilated image." *See supra* at 9-10. Thus, WirelessWerx already had an opportunity to remedy this deficiency and was unable to do so.

Moreover, WirelessWerx made this same pleading error in a prior case, *WirelessWerx IP, LLC v. OnStar, LLC*, 2:23-cv-11501 (E.D. Mich.), where the court dismissed both the original complaint and the FAC for failing to state a plausible infringement claim. *See* Ex. D. at 32; Ex. E at 8. WirelessWerx's failure to properly plead infringement for the same claim limitations in multiple cases is evidence of inadequate prefiling investigation, and it confirms that further amendment would be futile.

Accordingly, the Court should dismiss the FAC with prejudice. *See Adnexus Inc. v. Meta Platforms, Inc.*, No. 6:23-CV-152-JKP, 2024 WL 409738, at *5 (W.D. Tex. Feb. 2, 2024) ("[T]he Court finds that Plaintiff has stated its best case and thus declines to exercise its discretion to permit the filing of another amended complaint."); *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *3-4 (W.D. Tex. Jan. 22, 2024) (dismissing FAC with prejudice where Plaintiff failed to address the same pleading deficiency previously identified by Defendant).

## IV.    CONCLUSION

For the reasons above, Verizon requests that the Court dismiss the FAC in its entirety, with prejudice.

Dated: July 28, 2025                          Respectfully submitted,

                                              */s/ Geoffrey M. Godfrey*

*Of Counsel*:                                 Geoffrey M. Godfrey (WA Bar #46876)
                                              godfrey.geoff@dorsey.com
Deron R. Dacus (TX Bar #00790553)             DORSEY & WHITNEY LLP
ddacus@dacusfirm.com                          701 Fifth Ave, Suite 6100
THE DACUS FIRM, P.C.                          Seattle, WA 98104
821 ESE Loop 323, Suite 430                   (206) 903-8800 (telephone)
Tyler, TX 75701                               (206) 903-8820 (facsimile)
903.705.1117
Fax: 903.581.2543                             *Counsel for Verizon Communications Inc.*

## CERTIFICATE OF COMPLIANCE WITH OGP § VII

The undersigned hereby certifies that counsel has complied with § VII of the Court's Standing Order Governing Proceedings (OGP). Counsel met and conferred on July 3 and 28, 2025, and Plaintiff agreed to dismiss its indirect and willful infringement claims without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11. The parties have filed a joint notice confirming their agreement to dismiss the indirect and willful infringement claims.

*/s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via electronic mail on July 28, 2025.

*/s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey