UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| WIRELESSWERX IP LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>　　　Defendant. | Case No.: 7:25-cv-00198-ADA<br><br>JURY TRIAL DEMANDED |

## VERIZON'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE AND DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page(s)**

I.   THE SAC VIOLATES RULE 15(A) ................................................................................1

II.  THE SAC FAILS TO STATE A PLAUSIBLE CLAIM FOR DIRECT
     INFRINGEMENT..........................................................................................................2

III. THE SAC FAILS TO STATE A PLAUSIBLE CLAIM FOR INDIRECT
     INFRINGEMENT..........................................................................................................4

IV.  THE SAC SHOULD BE DISMISSED WITH PREJUDICE ...........................................4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ALD Soc. LLC v. Verizon Commc'ns, Inc.*,
  No. WA-22-CV-1011-FB, 2023 WL 11915724 (W.D. Tex. Sep. 30, 2023) ........................2, 5

*CTD Networks, LLC v. Google, LLC*,
  688 F. Supp. 3d 490 (W.D. Tex. 2023) ...................................................................................4

*Lighthouse Consulting Grp., LLC v. BB&T Corp.*,
  476 F. Supp. 3d 532 (W.D. Tex. 2020) ...................................................................................4

*On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*,
  386 F.3d 1133 (Fed. Cir. 2004) ...............................................................................................3

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018) ...............................................................................................3

*Schultz v. Ercole*,
  No. SA-21-CV-01043-XR, 2022 WL 847234 (W.D. Tex. Mar. 22, 2022) ..............................1

*UTTO Inc. v. Metrotech Corp.*,
  119 F.4th 984 (Fed. Cir. 2024) ................................................................................................4

**Other Authorities**

6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE &
  PROCEDURE § 1480 (3d ed. 1990) .......................................................................................1

Fed. R. Civ. P. 15 ............................................................................................................................ 1-2

Plaintiff's response (Dkt. 28) provides no compelling reason to deny Verizon's motion to strike and dismiss the Second Amended Complaint ("SAC"). Plaintiff does not address *any* of Verizon's cited cases where courts in this District granted motions to strike and dismiss on analogous facts. Nor does Plaintiff cite a single case that reached a different result. Plaintiff simply declares that the SAC was properly filed and states a plausible claim, while ignoring all the evidence and case law that undermines its position. The Court should dismiss the SAC in its entirety, with prejudice.

## I.  THE SAC VIOLATES RULE 15(A)

The SAC violates Rule 15(a), as explained in Verizon's opening brief. *See* Dkt. 27 at 9-10. Plaintiff does not cite any evidence or case law that shows otherwise.

Plaintiff contends the SAC was properly filed "pursuant to Rule 15(a)(1)(B)." Dkt. 28 at 1, 3-4. However, a party may only amend its complaint "once" under Rule 15(a)(1), and Plaintiff already used that one amendment when it filed its First Amended Complaint ("FAC"). *See* Dkt. 27 at 2, 9-10. Thus, the SAC was not properly filed under Rule 15(a)(1)(B). Plaintiff's counsel confirmed as much in contemporaneous filings and emails, as discussed previously and not disputed. *See* Dkt. 27 at 9-10.

Plaintiff tries to circumvent Rule 15(a)'s "*once* as a matter of course" limitation by arguing that the FAC was "filed by agreement and not pursuant to Rule 15." Dkt. 28 at 4. But there was no such agreement. *See* Dkt. 27 at 2 (discussing procedural history). And there is no procedure for filing an amended complaint that is "not pursuant to Rule 15." Another court in this District criticized Plaintiff's interpretation of Rule 15 as "misguided." *See Schultz v. Ercole*, No. SA-21-CV-01043-XR, 2022 WL 847234, at *3 (W.D. Tex. Mar. 22, 2022) (quoting 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1480 (3d ed. 1990) (if "the party already has amended the pleading, [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2),

1

which requires leave of court or the written consent of the opposing party.")). Tellingly, Plaintiff cites no case law or evidence to support its position. *See* Dkt. 28 at 3-4.

There is no dispute that Plaintiff did not obtain Verizon's consent or the Court's leave to file the SAC pursuant to Rule 15(a)(2). Nor is there any dispute that courts in this District have granted motions to strike in cases involving similar facts. *See* Dkt. 27 at 9-10 (discussing *Auth Wallet v. Amarillo Nat'l Bank*; *Iron Oak Techs. v. Dell*; *Educ. Mgmt. Servs. v. Slaikeu*; *LS Cloud Storage v. Google*; and *Mesa Digital v. Cellco Partnership*). Plaintiff makes no attempt to distinguish these cases. Accordingly, the Court should strike the SAC.

The Court should also deny Plaintiff's after-the-fact request for leave to file the SAC. Dkt. 28 at 4. Plaintiff's untimely request violates Rule 15(a), is futile, and would prejudice Verizon for reasons previously explained. *See* Dkt. 26 at 2-3 (discussing prejudice). Plaintiff's counsel knows this is not a proper procedure for requesting leave to amend because the Court rejected this same approach in a prior case against Verizon. *See ALD Soc. LLC v. Verizon Commc'ns, Inc.*, No. WA-22-CV-1011-FB, 2023 WL 11915724, at *8 (W.D. Tex. Sep. 30, 2023) (denying untimely request for leave to amend "tacked" on to opposition to motion to dismiss). Moreover, granting leave to amend would be futile because the SAC fails to state a plausible infringement claim.

## II. THE SAC FAILS TO STATE A PLAUSIBLE CLAIM FOR DIRECT INFRINGEMENT

The SAC fails to state a claim for direct infringement because there is no plausible allegation that Verizon performs the claimed method to control "an entity having an attached transponder." *See* Dkt. 27 at 10-13. Nothing in Plaintiff's response cures this fatal flaw in its infringement claim.

It is undisputed that this language in the preamble to claim 1 is limiting and must be satisfied for infringement to occur. *See* Dkt. 27 at 11; Dkt. 28 at 1. It is also undisputed that the alleged "entity" (*smartwatch*) and the alleged "transponder" (*smartphone*) are separate devices used by different people in different locations and do not move together through any geographical zones. *See* Dkt. 27

at 11-13. These undisputed facts preclude infringement because the alleged entity and transponder are not "attached" as claim 1 requires. *See* Dkt. 27 at 10-13.

Plaintiff cannot save its case through claim construction, as there is no construction of "attached" consistent with the intrinsic evidence that covers Verizon's accused instrumentality. Citing irrelevant *extrinsic* evidence, Plaintiff contends that "attached" means "a connection between two devices, including a wireless connection." Dkt. 28 at 6.[1] In other words, under Plaintiff's construction, the transponder need not be physically attached to the entity as it moves through geographical zones. But this overly broad construction is contrary to the plain and ordinary meaning of "attached" as used in the claim language and patent specification. It also contradicts Plaintiff's own characterization of the invention in a related case. Verizon discussed all this evidence in its opening brief and Plaintiff simply ignores it and mischaracterizes the record. *Compare* Dkt. 27 at 11-13 (discussing intrinsic evidence and Plaintiff's prior admissions) *with* Dkt. 28 at 6 ("Defendant simply makes a conclusory statement without any intrinsic or extrinsic evidence to provide guidance as to what 'attached' might mean."). Plaintiff's claim construction is wrong because it relies on extrinsic evidence to alter the meaning of "attached" as used in the '982 patent. *See On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1139 (Fed. Cir. 2004) ("Extrinsic evidence, however, cannot be used to alter a claim construction dictated by a proper analysis of the intrinsic evidence.").

The entire focus of the '982 patent is to control a movable entity using a transponder that is physically attached to the entity as it moves through a geographical zone. *See* Dkt. 27 at 4-6, 11-12. In view of the intrinsic evidence and Plaintiff's prior admissions, the claim term "attached" cannot

---

[1] The webpages Plaintiff cites in support of its construction have nothing to do with transponders or any other technology for monitoring and controlling moveable entities. *See* Dkt. 28 at 6, n.26. Nor do they provide the definition of "attached" that Plaintiff proposes in its brief. *Id.*

be construed as Plaintiff proposes, and dismissal is warranted. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018) (affirming dismissal with prejudice at pleading stage where claim could not plausibly be construed as broadly as patentee argued); *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 502 (W.D. Tex. Aug. 22, 2023) ("Dismissal with prejudice is appropriate when a claim element 'cannot plausibly be construed to include or be the equivalent of [the accused structure], in view of the specification and the prosecution history.'") (quoting *Ottah*); *Lighthouse Consulting Grp., LLC v. BB&T Corp.*, 476 F. Supp. 3d 532, 539 (W.D. Tex. 2020) (granting motion for judgment on the pleadings after construing "carrier" to include only physical objects).

Despite proposing a claim construction to avoid dismissal, Plaintiff argues it would be premature for the Court to engage in claim construction at the pleading stage. *See* Dkt. 28 at 6-7. This is incorrect. In the very case cited by Plaintiff (Dkt. 28 at 7, n.27), the Federal Circuit confirmed there is no "categorical rule against a district court's adoption of a claim construction in adjudicating a motion to dismiss." *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 992-94 (Fed. Cir. 2024). And a district court may do so without conducting a *Markman* hearing and without hearing extrinsic evidence or expert testimony. *Id.* at 994. Thus, it is entirely appropriate, and warranted, for the Court to reject Plaintiff's overbroad construction of "attached," and to hold that the SAC fails to state a plausible claim for direct infringement.

### III. THE SAC FAILS TO STATE A PLAUSIBLE CLAIM FOR INDIRECT INFRINGEMENT

The SAC also fails to state a plausible claim for inducement or contributory infringement. Verizon addressed this at length in its opening brief, Dkt. 27 at 13-16, and Plaintiff chose not to respond. Thus, it is undisputed that the Court should dismiss Plaintiff's indirect infringement claims.

### IV. THE SAC SHOULD BE DISMISSED WITH PREJUDICE

The Court should dismiss the SAC with prejudice for the reasons in Verizon's opening brief. Verizon explained how further amendment would be futile; how Plaintiff's litigation conduct does

not warrant another opportunity to amend; and how this Court has dismissed with prejudice in other cases. *See* Dkt. 27 at 17-18. Plaintiff provided no response other than a conclusory assertion that amendment "would not be futile" and "would be in the interests of justice." Dkt. 28 at 7. Plaintiff's request for leave to amend is unsupported and procedurally improper. Plaintiff fails to provide the Court with a proposed amended complaint or explain how further amendment would cure the fatal flaw in its infringement claim. Consequently, the Court should dismiss with prejudice, as it has done in similar cases. *See ALD Soc. LLC v. Verizon Commc'ns, Inc.*, No. WA-22-CV-1011-FB, 2023 WL 11915724, at *8 (W.D. Tex. Sep. 30, 2023).

Dated: September 23, 2025                                                    Respectfully submitted,

                                                                                                    */s/ Geoffrey M. Godfrey*

*Of Counsel*:                                                                              Geoffrey M. Godfrey (WA Bar #46876)
                                                                                                    godfrey.geoff@dorsey.com
Deron R. Dacus (TX Bar #00790553)                                  DORSEY & WHITNEY LLP
ddacus@dacusfirm.com                                                       701 Fifth Ave, Suite 6100
THE DACUS FIRM, P.C.                                                         Seattle, WA 98104
821 ESE Loop 323, Suite 430                                              (206) 903-8800 (telephone)
Tyler, TX 75701                                                                       (206) 903-8820 (facsimile)
903.705.1117
Fax: 903.581.2543                                                                  *Counsel for Verizon Communications Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via electronic mail on September 23, 2025.

*/s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey
